# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIVING SCRIPTURES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE(s)<br><br>    Defendants. | Case No. 1:10 cv 0182 DB<br><br>**ORDER AND MEMORANDUM DECISION GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

Before the Court is Plaintiff's *Ex Parte* Motion for Expedited Discovery filed November 3, 2010.[1] Plaintiff filed a complaint against a currently unknown person or entity alleging that Defendant is selling "cheap pirated versions" of Plaintiff's products through online retailers and auctions such as eBay and Paypal.[2] Plaintiff alleges this is a violation of copyright law and that Defendant, by its unauthorized appropriation of Plaintiff's materials, is competing unfairly deceiving the purchasing public. Plaintiff seeks expedited discovery to help facilitate the proper identification and service of the unknown Defendant(s). Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"[3] unless authorized by a court order or agreement of the parties. "[A] party seeking expedited discovery

---

[1] Docket no. 4. Judge Benson referred this case to the undersigned on November 8, 2010.
[2] *See generally*, Complaint.
[3] Fed. R. Civ. P. 26(d).

in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[4]  After reviewing Plaintiff's Complaint, the *Ex Parte* Motion for Expedited Discovery, the memorandum in support, and relevant case law, the Court finds good cause and therefore GRANTS the Motion for Expedited Discovery.

Under Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[5]  The traditional sequence of discovery may, however, be altered by the court in the exercise of its broad discretion.  But, the party seeking expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for departing from the usual discovery procedures.[6]  Good cause exists "where a party seeks a preliminary injunction . . . or where the moving party has asserted claims of infringement and unfair competition."[7]  Additionally, good cause is also found "where physical evidence may be consumed or destroyed with the passage of time."[8]

In essence, the unknown Defendant or Defendants are using online auction sites, such as eBay, to distribute pirated copies of Plaintiff's copyrighted products.  Previously, Plaintiff has notified eBay and Paypal of these illegal activities and Defendant was "temporarily stopped."  But, shortly thereafter Defendant changes aliases and continues to market illegal products.

Plaintiff asserts that it needs the discovery to identify the John Doe Defendant and to file

---

[4] *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003).
[5] Fed. R. Civ. P. 26(d).
[6] *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D.Colo.2002).
[7] *Qwest,* 213 F.R.D. at 419.
[8] *Id.*

a motion for a preliminary injunction. Plaintiff further asserts that it will preserve relevant evidence because the evidence is electronic in nature and can be destroyed relatively easily or deleted in the normal course of business.

**ORDER**

Here, the Court finds that good cause exists to permit expedited discovery. Plaintiff raises claims concerning copyright infringement and courts routinely allow discovery into the identities of defendants in cases like this one.[9] Additionally, the information Plaintiff seeks is transitory in nature and without such information this case cannot commence. Accordingly, it is hereby

ORDERED that Plaintiff's *Ex Parte* Motion for Expedited Discovery is GRANTED.

It is FURTHER ORDERED that Plaintiff may immediately serve Rule 45 subpoenas, which are limited to the following categories of entities and information:

1. From Paypal, Inc., all account information in their possession for the below listed business names or individuals, including but not limited to the account holder's name, the account holder's address, the account holder's telephone number, the account holder's bank name, the account holder's bank account number, and the account holder's routing number.

2. From Ebay, Inc. all account information in their possession for the below listed

---

[9] *See, e.g.*, [Warner Bros. Record Inc. v. Does 1-14, 555 F. Supp. 2d 1, 1-2 (D.D.C. 2008)](); *Bremenn Research Labs, LLC v. Does 1-20*, No. 2:07-cv-45- TC (D. Utah Feb. 12, 2007); *MicrosoftCorp. v. Does 1-217*, No C06-1192 (W.D. Wash. Sept. 14, 2006).

names or individuals, including but not limited to the account holder's name, the account holder's address, the account holder's telephone number, the account holder's bank name, the account holder's bank account number, and the account holder's routing number.

3. For the following names and Individuals:

    amayakire
    uudd123
    rbutterflys
    babybabye
    vivithebests
    prettyblke
    amekaic
    huemayasato
    movingontothenext
    vivithebests
    crazylvrabbits
    feyazs
    katkat1209 aka Headboss898
    katkat1209
    apples_m
    fulma888

    Michael Cheung
    Leslie Street, Queensville, ON, ON, L0G 1V0
    CA
    289 653 9746

    Jenny Cheung
    112 Merton Street
    toronto ON M4S2Z8
    Canada
    Seller's Email - vivithebest@post.com

    Kai Cheung

Unit 712
1 President's Choice Circle
Brampton ON L6Y 5S5
Canada
Seller's Email: Amayachane@yahoo.ca

Hua Cheung
277 Coachwhip Trail
Newmarket Ontario L3X 2Y4
Canada
Seller's Email: kaikaic@live.com

It is FURTHER ORDERED that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order on any entity subpoenaed pursuant to this Order.

Finally it is ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so within twenty (20) days of being served with it.

DATED this 9th day of November, 2010.

Brooke C. Wells
United States Magistrate Judge